UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

YAN MENG,                                      )
                                               )
                    Plaintiff,                 )
        v.                                     )       1:06-cv-1550-DFH-WTL
                                               )
IU BOARD OF TRUSTEES, et al.,                  )
                                               )
                    Defendants.                )

## Entry Discussing Motion to Dismiss

This cause is before the court on the defendants' motion to dismiss, which the plaintiff has not opposed. For the reasons explained in this Entry, the motion to dismiss must be granted.

## Parties

The plaintiff is Yan Meng ("Meng"), who resides in Bloomington, Indiana, and who is a past or former graduate assistant at Indiana University ("IU").

The defendants are faculty and administrators at IU.

## Claims and Procedural Posture

Meng has neither opposed the defendants' motion to dismiss nor has she disputed the defendants' characterization of her claims. The court therefore accepts that characterization, which it further finds to be fair. The claims which emerge are therefore a Title VII claim (Claim I), constitutional claims (Claim II), and state law tort claims (Claim III and Claim IV). She says that she seeks one trillion dollars ($1,000,000,000,000) in damages.

At the outset of this case, Meng noted that she was suing the IU Board of Trustees as an entity, not as individuals. The court therefore dismissed the claim against the IU Board of Trustees. This action was taken because the court found that the IU Board of Trustees was immune under the Eleventh Amendment from a claim for damages under the circumstances of this case. See *Williamson v. Indiana University,* 345 F.3d 459, 463 (7th Cir. 2003)("As for [Indiana University] itself, Williamson's civil rights claim is doomed by the fact that state universities are entities that are considered part of the state for § 1983

analysis."). Meng appealed that decision, though it was not a final order and was not otherwise appealable when issued. To the extent that Meng's complaint might be interpreted as asserting a claim under Title VII of the Civil Rights Act of 1964, as defendants have interpreted it, the IU Board of Trustees would be the appropriate defendant. The Eleventh Amendment does not bar the court from exercising jurisdiction over state governments and state agencies like IU on claims asserted under legislation that implements the Fourteenth Amendment. As explained below, however, any error in the court's overly broad dismissal of the IU Board of Trustees would be harmless because Meng has not complied with the administrative charge requirements of Title VII.

The defendants challenge the legal sufficiency of the complaint pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court must assume as true all well-pleaded facts set forth in the complaint, construing the allegations liberally and drawing all inferences in favor of the plaintiff. *E.g., Brown v. Budz*, 398 F.3d 904, 908-09 (7th Cir. 2005). Under the Federal Rules, a plaintiff pleads claims, not facts or legal theories. See *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923 (7th Cir. 2007) ("a judicial order dismissing a complaint because the plaintiff did not plead facts has a short half-life."). However, while a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion to dismiss, it is not enough merely that there might be some conceivable set of facts that entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (abrogating in part *Conley v. Gibson*, 355 U.S. 41 (1957)). Rule 8(a)(2) requires a plaintiff to state the grounds that entitle him or her to relief. This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Factual allegations must be enough to raise a right to relief above the speculative level, treating the factual allegations as true. *Id.* A claim also may be dismissed under Rule 12(b)(6) if it includes particulars that show the plaintiff cannot possibly be entitled to the relief he or she seeks. *Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994). The court is not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claims, nor must the court give any weight to unsupported conclusions of law. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998), quoting *R.J.R. Services, Inc. v. Aetna Casualty & Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989).

**Analysis**

*Claim I.* Meng's Title VII claim fails because she did not file a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of the alleged unlawful employment practice, a measure which is required by 42 U.S.C. § 2000e-5(e)(1). Her discharge in October 2005 makes this administrative filing, which must take place within 300 days from the date of discrimination, no longer a possibility. In turn, such a filing would have produced a Notice of Right to Sue, see 42 U.S.C. § 2000e-5(f)(1).

Any Title VII claim against the individual defendants also fails because this statute authorizes a claim against an "employer," not against individuals. *Williams v. Banning*, 72

F.3d 552, 555 (7th Cir. 1995). The individual defendants were not Meng's employer. The IU Board of Trustees was her employer, but the failure to file an EEOC charge bars any claim against that defendant.

*Claim II.* Meng's second claim is that she was denied due process. This claim is asserted pursuant to 42 U.S.C. § 1983. *Albright v. Oliver,* 510 U.S. 266, 271 (1994)(because section 1983 is not itself a source of substantive rights,"the first step in any [§ 1983] claim is to identify the specific constitutional right infringed"). Meng alleges in this claim that, as an enrolled student, she was denied rights to access faculty and facilities in the IU Kelley School of Business, that she received unusually severe sanctions for her personal misconduct, that she was not informed that she could have asked to reschedule the informal hearing or of her right to remain silent, that the review board's meeting was delayed for more than two months, and that she was denied a copy of the old Code and Procedures Manual, certain statistics, and the names of members of the hearing commissions and the review board. This claim is assessed with reference to both procedural due process and substantive due process.

- To prevail on a substantive due process claim, the plaintiff must demonstrate that he or she has a "fundamental" property interest or right under the United States Constitution. *Hill v. Borough of Kutztown,* 455 F.3d 225, 235 (3d Cir. 2006). Substantive due process "prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty . . . ." *United States v. Salerno,* 481 U.S. 739, 746 (1987) (internal quotation marks and citations omitted). Meng's allegations do not identify the type of egregious conduct that the substantive portion of the Due Process Clause was meant to guard against. See *County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998) ("[O]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" (citation omitted)).

- When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner. This requirement has traditionally been referred to as procedural due process. *United States v. Salerno,* 481 U.S. 739, 746 (1987) (internal citations omitted). In analyzing a procedural due process claim, the court must first determine whether the plaintiff was deprived of a liberty or property interest protected by due process. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428 (1982). Meng's complaint identifies ample process which was available to her, and suggests only that there were features of that process she did not avail herself of because of stress or other reasons. This is not a denial of due process, but the provision of due process that Meng found unsatisfactory because she chose not to participate.

The first inquiry in every Section 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States, for without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983. *Juriss v.*

*McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992). Claim II of Meng's complaint fails at this point.

*Claims III and IV.* Meng's claims under Indiana state law are asserted as claim III and claim IV. Because the federal claims have now been dismissed, it must be determined whether jurisdiction ought to be retained over these supplemental claims or whether Meng ought to be required to litigate claim III and claim IV in state court. See 28 U.S.C. § 1367(c)(3). In determining whether to adjudicate such a claim, a federal court must choose the course that "'best serves the principles of economy, convenience, fairness and comity which underlie the pendent jurisdiction doctrine.'" *City of Chicago v. International College of Surgeons,* 118 S. Ct. 523, 533, (1997) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 357 (1988)). The circumstances of this case are such that the exercise of supplemental jurisdiction over these state law claims is proper. *See Miller Aviation v. Milwaukee County Bd. of Supervisors,* 273 F.3d 722, 731 (7th Cir. 2001) ("[W]hen the district court, in deciding a federal claim, decides an issue dispositive of a pendant claim there is no use leaving the latter to the state court.") (quotation omitted).

The defendants maintain that the Indiana Tort Claims Act ("ITCA") shields them from liability for two separate reasons. First, Meng failed to file a tort claims notice within 180 days of her alleged loss as is statutorily required. Second, the defendants are immune under the ITCA.

The ITCA provides that a tort claim against a political subdivision is barred unless the plaintiff has filed a notice of claim with the governing body of that political subdivision and the Indiana political subdivision risk management commission within 180 days after the alleged loss occurs. IND. CODE § 34-13-3-8. For purposes of the Act, loss is defined as "injury to or death of a person or damage to property." IND. CODE § 34-6-2-75(a). The ITCA applies to all torts. *Bienz v. Bloom,* 674 N.E.2d 998, 1003 (Ind.Ct.App. 1996). State universities are political subdivisions covered by the Act's notice provision. IND. CODE § 34-6-2-110(7); *Orem v. Ivy Tech State Coll.,* 711 N.E.2d 864, 869 (Ind.Ct.App. 1999) ("Tort claims against a political subdivision, such as a state college, are barred unless the governing body of the political subdivision is given notice of the claim within one-hundred and eighty days after the loss occurs."); *VanValkenburg v. Warner,* 602 N.E.2d 1046, 1048 (Ind.Ct.App. 1992) ("There is no dispute in this case that Indiana State University is a political subdivision.").

A tort claims notice is also required when the plaintiff sues an employee of the political subdivision, as Meng has done here. *Poole v. Clase,* 476 N.E.2d 828, 830 (Ind. 1985); *Bienz,* 674 N.E.2d at 1004; *Lake County Juvenile Court v. Swanson,* 671 N.E.2d 429, 437-38 (Ind.Ct.App. 1996). Filing the lawsuit itself does not satisfy the notice provisions of the ITCA. *Kantz v. Elkhart County Highway Dep't,,* 701 N.E.2d 608, 616 (Ind.Ct.App. 1998) ("a complaint alone could not satisfy the notice provisions of the ITCA"). "Generally, the plaintiff bears the burden of proving compliance with the notice provisions of the Act." *Gregor v. Szarmach,* 706 N.E.2d 240, 242 (Ind.Ct.App. 1999). "Failure to give a timely notice to a governmental entity is a jurisdictional bar to maintaining a tort action against the entity." *Rodgers v. Martinsville Sch. Corp.,* 521 N.E.2d 1322, 1325 (Ind.Ct.App.

1988); see also *Galovick v. State,* 437 N.E.2d 505, 508 (Ind.Ct.App. 1982) (lack of notice under the Act is a complete defense to a tort action).

Here, the most recent tort identified in the complaint is alleged to have occurred on October 19, 2006. Meng does not allege that she filed a tort claims notice as to this or any other tort alleged in her complaint, and time for her to have done so has expired. Her failure to file a timely tort claims notice precludes her from asserting state law claims against the defendants. *See Meury v. Eagle-Union Community School Corp.*, 714 N.E.2d 233 (Ind.Ct.App. 1999).

Apart from the question of compliance with the notice requirement of the ITCA, "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." IND. CODE § 34-13-3-5(b). Thus, "a plaintiff may not now sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of employment." *Bushong v. Williamson,* 790 N.E.2d 467, 471 (Ind. 2003). Meng's claim against the defendants attempts to circumvent this rule, and there is no suggestion from the complaint that the defendants were acting outside the scope of their employment with IU.

## Conclusion

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994); *see also Woodard v. Jackson,* 2004 WL 771244, at *8 (S.D.Ind. 2004). For the reasons explained above, that is the case here. Accordingly, the defendants' motion to dismiss is **granted,** and judgment consistent with this Entry and with the Entry of March 19, 2007, shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Judge
United States District Court

Date:     6/27/07